## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATRINKA C. GREGER | CASE NO. |
| Plaintiff, | |
| v. | |
| BAUSCH & LOMB INCORPORATED | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant Bausch & Lomb Incorporated ("Bausch & Lomb") by its undersigned attorneys, hereby give notice of the removal of this action from the Superior Court of the Judicial District of New Britain at New Britain, to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## INTRODUCTION

1. On December 20, 2008 Plaintiff filed this action against Bausch & Lomb. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Original Complaint filed in state court is attached as **"Exhibit A."** The action is styled as *Katrinka C. Greger v. Bausch & Lomb Inc.* in the Superior Court of the Judicial District of Middlesex at Middletown.

## NOTICE OF REMOVAL IS TIMELY

2. On December 20, 2008 Bausch & Lomb was served with Plaintiff's Complaint. Bausch & Lomb files this Notice of Removal within 30 days of receipt of the initial pleadings and within one year of the commencement of this action as required by 28 U.S.C. §

1446(b). Accordingly, removal of this action is timely. No previous application for removal has been made.

## DIVERSITY JURISDICTION EXISTS

3. This suit is an action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought."

4. Plaintiff is a citizen of Connecticut.

5. Pursuant to 28 U.S.C. § 1332(c)(1), Bausch & Lomb is a citizen only of the State of New York. Bausch & Lomb is a corporation organized under the laws of the State of New York with its principal place of business in Rochester, New York. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

6. Complete diversity of citizenship exists between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY IS SATISFIED

7. The amount in controversy in this matter exceeds $75,000. Plaintiff alleges that she has "developed a fungal infection of the left eye…which required eye surgery…including penetrating keratoplasty, extracapsular extraction of lens, and insertion of an intraocular lens prosthesis followed by further eye surgery." Complaint, at ¶ 5. Plaintiff further alleges that she has "suffered severe and permanent physical injuries including fungal eye infection, corneal scarring, impairment of vision, pain and mental anguish, some or all of which are, or are likely to be permanent, or have permanent effects." Complaint, at ¶ 8. Additionally,

plaintiff alleges that she "was caused to fall on or about April 30, 2006 and sustain additional injuries, including injury to her pelvis, including a left superior and inferior pubic ramus fracture, injury to the left knee and leg, a contusion of the chest, a contusion of the left hand, further pain and mental anguish, some or all of which additional injuries may also be permanent in nature." Complaint, at ¶ 10. These allegations, on their face, clearly establish that the amount in controversy exceeds $75,000.

8. Allegations similar to those presented by the plaintiff have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding the amount in controversy to be satisfied where plaintiffs alleged economic loss, medical and health expenses, and claimed serious medical conditions); *see also Boudreaux v. Daimler Chrysler Corp.*, No. 00-2954 Section "I"(4), 2001 U.S. Dist. LEXIS 3948, at *8 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff seeks compensation for medical expenses, pain and suffering, mental anguish, and lost wages); *Nadeau v. Mentor Tex., L.P.*, No. 3:03-CV-2312-L, 2005 U.S. Dist. LEXIS 13269, at *6 (N.D. Tex. July 1, 2005) (holding the amount in controversy to be satisfied where plaintiff sought "pain and suffering, mental anguish, disfigurement, medical expenses in the past and medical expenses she reasonably expects to incur in the future"); *Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (holding the amount in controversy to be satisfied where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life).

9.  Plaintiff's Statement of the Amount for Demand requests money damages in excess of $15,000[1]. (Exhibit A.) In determining whether Plaintiff has met the jurisdictional amount-in-controversy mandated by § 1441, the Court should consider the totality and serious nature of Plaintiff's claims, the type of relief requested, and the alleged facts underlying Plaintiff's Complaint. *See Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65-66 (D.R.I. 2002) (holding that the permanent nature and indefinite length of plaintiffs' alleged injuries weighed "heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $75,000.00."); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (stating that the court should measure the jurisdictional amount "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").

10. Thus, there is no question that the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of Connecticut, Judicial District of Middlesex at Middletown, in the form attached as "**Exhibit B**".

---

[1] This amount is significant in that it represents the **minimum** dollar figure a plaintiff is required by Connecticut law to state in their Complaint for any action seeking $15,000 or more in damages. *See* CONN. GEN. STAT. ANN. § 52-91 (West 2003). Consequently, even if Plaintiff was seeking considerably more than $15,000 for each count, she is only obligated to state in his complaint that he is seeking "in excess of $15,000."

492959-1                                            4

13. As of this date, the Defendant has not filed a responsive pleading.

WHEREFORE, Defendants give notice that the matter styled as *Katrinka C. Greger v. Bausch & Lomb Inc.*, in the Superior Court of the Judicial District of Middlesex at Middletown is removed to the United States District Court for the District of Connecticut, and request that this Court retain jurisdiction for all further proceedings.

Date:   January 22, 2008

                                                THE DEFENDANT,
                                                BAUSCH & LAUMB INCORPORATED

                                                By: _____
                                                R. Cornelius Danaher, Jr. (ct5350)
                                                ndanaher@danaherlagnese.com
                                                Jason K. Henderson (ct27402)
                                                jhenderson@danaherlagense.com
                                                DANAHER, LAGNESE & NEAL, P.C.
                                                21 Oak Street, Suite 700
                                                Hartford, Ct  06106
                                                Phone: (860) 247-3666
                                                Fax:  (860) 547-1321

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed by first-class mail, postage prepaid, on January 22, 2008 to all counsel of record as follows:

John J. Houlihan, Jr.
RisCassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106

_____
Jason K. Henderson

# Exhibit A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
12/20/2007
CT Log Number 512904438

TO: Robert B Stiles
Bausch & Lomb Incorporated
One Bausch & Lomb Place
Rochester, NY 14604-2701

RE: **Process Served in Connecticut**

FOR: Bausch & Lomb Incorporated (Domestic State: NY)

RECEIVED
DEC 2 0 2007
Law Department

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Katrinka C. Greger, Pltf. vs. Bausch & Lomb Incorporated, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Middlesex at Middletown Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Plaintiff developed fungal keratitis from the use of Bausch & Lomb ReNu with MoistureLoc Multi-Purpose Solution |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/20/2007 at 11:02 |
| **APPEARANCE OR ANSWER DUE:** | 01/29/2008 - summons // on or before the second day after the Return Date - file an appearance form |
| **ATTORNEY(S) / SENDER(S):** | John J. Houlihan, Jr.<br>Riscassi & Davis, P.C.<br>131 Oak Street<br>Hartford, CT 06126-1557<br>860-522-1196 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790901301253<br>Fax Transmittal, Brian C Eckman 585-338-8706<br>Faxed documents 11:15 12/20/2007 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>Gary Scappini<br>One Corporate Center<br>Floor 11<br>Hartford, CT 06103-3220<br>860-724-9044 |

Page 1 of 1 / AF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SUMMONS - CIVIL<br>(Except Family Actions)<br>JD-CV-1 Rev. 1-2000<br>C.G.S. 51-346, 51-347, 51-349, 51-350, 52-45a | SUPERIOR COURT | "X" ONE OF THE FOLLOWING<br>Amount, legal interest or<br>property in demand, exclusive<br>of interest and costs is: |
|---|---|---|

**INSTRUCTIONS**
1. Prepare on typewriter, sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
("X" if applicable)
☐ Claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint

RETURN DATE (Must be a Tuesday)
01/29/08

☒ JUDICIAL DISTRICT ☐ HOUSING SESSION ☐ G.A. NO.  AT (Town in which writ is returnable)(C.G.S. 51-346, 51-349) MIDDLETOWN
CASE TYPE (See JD-CV-1c) Major T Minor 20

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code)(C.G.S. 51-347, 51-350)
1 COURT STREET, MIDDLETOWN, CT 06457
TELEPHONE NUMBER (with area code) 860-343-6400

| PARTIES | NAME AND ADDRESS OF EACH PARTY  NOTE: Individual's Names Last, First, Middle Initial (No., street, town and zip code) | ☐ Form JD-CV2 attached | PTY NO |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | GREGER, KATRINKA C.<br>171 SAYBROOK ROAD<br>ESSEX, CT 06426 | | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | BAUSCH & LOMB INCORPORATED<br>ONE BAUSCH & LOMB PLACE<br>ROCHESTER, NY 14604-2701<br>AGENT FOR SERVICE: CONNECTICUT CORPORATION SYSTEM<br>ONE COMMERCIAL PLAZA, HARTFORD, CT 06103 | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

**NOTICE TO EACH DEFENDANT**
1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>12/20/07 | SIGNED (Sign and "x" proper box)  ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE NAME OF PERSON SIGNING AT LEFT.<br>John J. Houlihan, Jr. |
|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:
NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)
RisCassi and Davis, P.C., 131 Oak Street, Hartford, CT 06106
TELEPHONE NO. (860)522-1196
JURIS NO. (if atty or law firm) 50361

NAME AND RESIDENCE OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No. street, town and zip)
Patricia R. McMahon, 131 Oak Street, Hartford, CT 06106
SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS.<br>1 | # DEFS.<br>1 | # CNTS.<br>1 | SIGNED (Official taking recognizance; "x" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK: ANDREW S. GROHER, ESQ.
a. The signing has been done so that the Plaintiff(s) will not be denied access to the court.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

ATTEST: A TRUE COPY
JOSEPH L ANTINERELLA
CONNECTICUT STATE MARSHAL

| I hereby certify I have read and understand the | SIGNED (Pro Se Plaintiff) | DATE SIGNED | |
|---|---|---|---|

| | | |
|---|---|---|
| RETURN DATE: JANUARY 29, 2008 | : | SUPERIOR COURT |
| KATRINKA C. GREGER | : | JUDICIAL DISTRICT OF |
| V. | : | MIDDLESEX AT MIDDLETOWN |
| BAUSCH & LOMB INCORPORATED | : | DECEMBER 20, 2007 |

## COMPLAINT

1. At all times pertinent hereto, the defendant, Bausch & Lomb Incorporated, was and is a New York corporation with a principal place of business at One Bausch & Lomb Place, Rochester, New York, which was authorized to, and did, transact business in the State of Connecticut.

2. At all times pertinent hereto, the defendant, Bausch & Lomb Incorporated, was engaged in the business of designing, developing, formulating, manufacturing, testing, packaging, advertising, promoting, marketing, labeling distributing and/or selling contact lens and eye care products, including Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution.

3. At all times pertinent hereto, the defendant, Bausch & Lomb Incorporated, distributed Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution to opthamologists and/or other eye healthcare providers in Connecticut and elsewhere, and, directly, through retailers, and/or through such healthcare providers, to consumers and/or users, including the plaintiff, Katrinka C. Greger.

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

4.  The plaintiff, Katrinka C. Greger, used Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution manufactured, distributed and/or sold by the defendant, Bausch & Lomb Incorporated.

5.  Thereafter, the plaintiff, Katrinka C. Greger, developed a fungal infection of her left eye, Fusarium keratitis or fungal keratitis, resulting from her use of Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution, which resulted in the injuries and losses set forth hereinafter, and which required eye surgery on or about March 10, 2006, including penetrating keratoplasty, extracapsular extraction of lens, and insertion of an intraocular lens prosthesis followed by further eye surgery, including a repeat penetrating keratoplasty, on May 16, 2006.

6.  At all times mentioned herein, Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was without substantial and/or unforeseeable change from the condition in which it was manufactured, distributed and/or sold by the defendant.

7.  Pursuant to Connecticut General Statutes Section 52-572m et seq, the defendant, Bausch & Lomb Incorporated, is legally responsible to the plaintiff, Katrinka C. Greger, for the injuries and losses alleged herein, in one or more of the following ways:

   a.  in that said Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was defective and unreasonably dangerous to users thereof; and/or

   b.  in that Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was not fit and safe for the uses and purposes intended; and/or

   c.  in that Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was defective and unreasonably dangerous pursuant to Section 52-572q of

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 30361

the General Statutes due to lack of adequate warnings and/or instructions; and/or

d. in that said product was defective in that it was formulated and/or manufactured in such a way that it created an environment in which the Fusarium fungus could thrive, presenting an unreasonable danger to users; and/or

e. in that said product was defective in that it was formulated and/or manufactured in such a way that its disinfectant properties were rendered ineffective, presenting an unreasonable danger to users; and/or

f. in that the defendants, knew or should have known, of the inherent weakness in the design or formulation of Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution, yet failed to remedy the same; and/or

g. in that Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was defective and unreasonably dangerous due to its propensity to cause fungal eye infection; and/or

h. in that Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was formulated in a way that created a far greater risk of fungal eye infection than with other lens solutions made by the defendant or its competitors, yet Bausch & Lomb Incorporated failed to timely and properly advise the medical and health community, and/or consumers and/or users of this risk; and/or

i. in that Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was defective in design in that, when it left the hands of Bausch & Lomb, the foreseeable risks exceeded the benefits associated with the design and/or formulation; and/or

j. in that Bausch & Lomb Incorporated sold Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution without proper and adequate testing; and/or

k. in that Bausch & Lomb Incorporated failed to properly and timely withdraw Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution from the market although it knew, or should have known, that the product posed an unreasonable risk of injury to users; and/or

l. in that Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was defective in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner; and/or

TISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
191 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

3

m.  in that Bausch and Lomb Incorporated, which knew or should have known, of the purpose for which Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution was to be used, expressly warranted that said product was safe and fit for use by consumers and users for its intended purpose, and/or that it was of merchantable quality, and/or that it was adequately tested and fit for its intended use and/or that it did not produce dangerous side effects, which representations and warranties were false, misleading and untrue in that said product was not safe and fit for its intended use; and/or

n.  in that Bausch & Lomb Incorporated falsely, willfully, wantonly, recklessly, and/or fraudulently misrepresented that Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution had been tested and found to be safe and/or effective, thereby causing injury to the plaintiff who relied upon said misrepresentations, not knowing at the time of their falsity and reasonably believing them to be true; and/or

o.  in that Bausch & Lomb Incorporated, in representations to the medical and health community and/or the Food and Drug Administration, misrepresented Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution and/or fraudulently concealed or intentionally omitted material information related to the safety of said product, as designed and/or manufactured; and/or

p.  in that, to induce the consumer usage of Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution, and/or its acceptance in the medical and health community, Bausch & Lomb Incorporated negligently and falsely misrepresented the safety and/or efficacy of Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution to the medical and/or health community and/or to the public, including the plaintiff, Katrinka C. Greger, who relied to her detriment on said misrepresentations by using Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution; and/or

q.  in that they distributed Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution to opthamologists and other eye healthcare professionals, including the plaintiff's opthamologist, for use by their patients, without proper and adequate warnings to said opthamologists and/or other eye healthcare professionals, regarding the risk of fungal keratitis associated with use of the product; and/or

r.  in that Bausch & Lomb Incorporated, in one or more of the ways enumerated above, acted in reckless disregard for the safety of product users, consumers or others who were injured by the product, thereby causing the harm suffered by the plaintiff.

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50341

8. As a result of the defective and unreasonably dangerous condition of Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution, as aforesaid, and/or the aforementioned acts and/or omissions of the defendant, Bausch & Lomb Incorporated, the plaintiff, Katrinka C. Greger, suffered severe and permanent physical injuries including fungal eye infection, corneal scarring, impairment of vision, pain and mental anguish, some or all of which injuries are, or are likely to be, permanent, or to have permanent effects. The aforesaid injuries have required the plaintiff to undergo multiple eye surgeries, with corneal transplants, and may, in the future, require further treatment for these injuries and/or complications thereof. In addition, because of said injuries, and/or the treatment required for those injuries, the plaintiff has developed secondary glaucoma.

9. As a further result thereof, the plaintiff, Katrinka C. Greger, has a risk, and/or a reasonable fear, of future harm.

10. As a further result thereof, the plaintiff, Katrinka C. Greger, because of her impaired vision, was caused to fall on or about April 30, 2006 and sustain additional injuries, including injury to her pelvis, including a left superior and inferior pubic ramus fracture, injury to the left knee and leg, a contusion of the chest, a contusion of the left hand, further pain and mental anguish, some or all of which additional injuries may also be permanent in nature.

11. As a further result thereof, the plaintiff, Katrinka C. Greger, has suffered a loss of wages and/or earning capacity.

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50381

12. As a further result thereof, the plaintiff, Katrinka C. Greger, has been unable, and may, in the future, continue to be unable, to participate and enjoy her usual activities, to the extent to which she formerly was able.

13. As a further result thereof, the plaintiff, Katrinka C. Greger, has incurred expenses for medical, surgical, hospital and/or eye care, diagnostic tests, medications, and/or medical services and/or supplies, and will likely incur further expenses for the same in the future.

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

6

WHEREFORE, the plaintiff claims money damages.

WHEREFORE, the plaintiff claims punitive damages, pursuant to Section 52-240b of the General Statutes.

I hereby certify that I have knowledge of the financial responsibilities of the plaintiff and deem it sufficient to pay the costs.

Hereof fail not, but of this writ, with your doings thereon, make due service and return according to law.

Dated at Hartford, Connecticut, this 20th day of December, 2007.

BY *(signature)*
John J. Houlihan, Jr.
Commissioner of the Superior Court

We hereby enter our appearance
for the plaintiff in this action.

*(signature)*
RISCASSI AND DAVIS, P.C.
Juris No. 50361

ATTEST:
A TRUE COPY
*(signature)*
JOSEPH L ANTINERELLA
CT. STATE MARSHAL

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

# Exhibit B

| | |
|---|---|
| DOCKET NUMBER: | : SUPERIOR COURT |
| Katrinka Greger | : J.D. OF NEW BRITAIN |
| Plaintiff, | : AT NEW BRITAIN |
| v. | : |
| BAUSCH & LOMB INCORPORATED | : |
| Defendant. | : JANUARY 22, 2008 |

### NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO:   John J. Houlihan, Jr.
      RisCassi and Davis, P.C.
      131 Oak Street
      Hartford, CT 06106

**Counsel:**

**PLEASE TAKE NOTICE** that in the above-entitled action Defendant Bausch & Lomb Incorporated has this day filed a Notice of Removal, a copy of which is attached hereto as Exhibit 1, in the office of the Clerk of the United States District Court for the District of Connecticut. You are also advised that Defendants, upon the filing of said Notice of Removal, filed a copy of this Notice with the Clerk of the Superior Court of Connecticut, Judicial District

of New Britain, which has effected this removal, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Removal is attached hereto as Exhibit 1.

          THE DEFENDANT,
          BAUSH & LOMB INCORPORATED

By: _____
     R. Cornelius Danaher, Jr.
     Jason K. Henderson
     DANAHER, LAGNESE & NEAL, P.C.
     21 Oak Street, Suite 700
     Hartford, Ct 06106
     Phone: (860) 247-3666
     Fax: (860) 547-1321

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed by first-class mail, postage prepaid, on January 22, 2008 to all counsel of record as follows:

> John J. Houlihan, Jr.
> RisCassi and Davis, P.C.
> 131 Oak Street
> Hartford, CT 06106

_____
Jason K. Henderson

## **CERTIFICATION**

I hereby certify that this document is a true copy of the document that was transmitted by facsimile to the clerk of the court on January 22, 2008.

_____
Jason K. Henderson